**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lester L. Knox, Jr., | No. CV-23-01458-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Millennia Tax Relief LLC, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Reassign Judgment to Original Creditor. (Doc. 29). For the following reasons, Plaintiff's Motion will be denied.

On January 30, 2024, the Court granted in part and denied in part Plaintiff's Motion for Default Judgment against Defendant Millenia Tax Relief LLC and awarded Plaintiff $20,405 in actual damages. (Doc. 26). Plaintiff asserts that on or around April 17, 2024, Plaintiff assigned the judgment to Landmark Collection Services, Inc. ("Landmark") for collection purposes. (Doc. 29 at 1). Plaintiff alleges that Landmark subsequently failed to respond to communications with the Consumer Financial Protection Bureau ("CFPB") and is no longer in business. (*Id.*). Plaintiff further alleges that because Landmark has closed, Plaintiff is unable to enforce the judgment. (*Id.*). Thus, Plaintiff filed the present Motion requesting the Court reassign the judgment back to Plaintiff. (*Id.*).

Here, Landmark is not a party to this case, and the Court lacks the requisite authority to effectuate Plaintiff's request. "Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against

the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Because Plaintiff did not serve Landmark, the Court lacks personal jurisdiction over the entity and will not attempt to determine its rights. *See Bradford v. Bracamonte*, 3:20-CV-0213-WQH-WVG, 2020 WL 7625106, at *1 (S.D. Cal. Dec. 22, 2020) ("Because Defendants have not been served, the Court does not have personal jurisdiction over them, and will not attempt to determine their rights."); *Atkins v. Calypso Sys. Inc.*, CV-14-02706-PHX-NVW, 2015 WL 1508415, at *1 (D. Ariz. Apr. 1, 2015) ("Service of process is the *mechanism* by which the court [actually] acquires the power to enforce a judgment against the defendant's person or property. In other words, service of process is the means by which a court asserts its jurisdiction over the person.").

Moreover, as the relief Plaintiff apparently seeks from Landmark constitutes a different cause of action than the underlying suit against Defendant—which involved claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227—and apparently aims to replace the Defendant with Landmark, Plaintiff has not demonstrated that this Court retains subject matter jurisdiction over the action. To that end, Article III of the United States Constitution's "case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). Here, as the current action has been adjudicated against Defendant Millenia Tax Relief LLC and subsequently terminated, there is no active case or controversy between the parties for this Court to adjudicate. Should Plaintiff believe he has a claim against Landmark, Plaintiff should file a lawsuit in the appropriate court bringing his cause or causes of action against Landmark. Accordingly,

**IT IS ORDERED** that Plaintiff Lester L. Knox, Jr.'s Motion to Reassign Judgment to Original Creditor is **denied**.

///

///

1 **IT IS FURTHER ORDERED** that this case remains closed.

2 Dated this 13th day of May, 2025.

                                        Honorable Steven P. Logan
                                        United States District Judge